IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUAN CARLOS QUIROS, #04893-015                                                PETITIONER

VERSUS                                                CIVIL ACTION NO.  5:08cv168-DCB-MTP

BRUCE PEARSON, Warden                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner, an inmate of the FCC - Yazoo City, Yazoo City, Mississippi, filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 25, 2008. On April 18, 2008, an order [2] was entered directing Petitioner to file a written response to specifically state if he had exhausted his administrative remedies. Petitioner was directed to file his written response to the order [2] on or before May 5, 2008. Also, Petitioner was warned in that order [2] that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with the order [2] of April 18, 2008.

An order [3] was entered on May 21, 2008, directing Petitioner to show cause on or before June 5, 2008, why this case should not be dismissed for his failure to comply with the Court's order [2] of April 18, 2008. In addition, Petitioner was directed to comply with the order [2] of April 18, 2008, on or before June 5, 2008. Petitioner was warned in the show cause order [3] that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The envelope containing the show cause order [3] of May 21, 2008, has been returned with a notation "return to sender - addressee unknown" [4] and filed in the instant civil action on June 2, 2008. Having once again reviewed the docket, this Court finds that Petitioner has not complied with the show cause order [3] or otherwise contacted this Court concerning the instant habeas petition.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998);  McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  Id. at 629-30.

Petitioner has not complied with two orders of this Court, nor has he contacted this Court since March 25, 2008.  The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the ___25th_____ day of June, 2008.

                                        S/David Bramlette
                                        UNITED STATES DISTRICT JUDGE